IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

EDGAR DIAZ, RICKEY ROLLINS,
DON JOHNSON, ROBERT CALLOWAY,
DORNELL ELLIS, EMILE FORT,
CHRISTOPHER BYES, PARIS
RAGLAND, RONNIE CALLOWAY,
ALLEN CALLOWAY, and REDACTED
DEFENDANTS Nos. ONE & TWO,

    Defendants.
    /

No. CR 05-0167 WHA

**DENIAL OF MOTION
UNDER RULE 12(b)(4)(B)**

Rule 12(b)(4)(B) allows a defendant "at the arraignment or as soon thereafter as practicable" to request notice of the government's intent to use (in its case in chief at trial) any evidence that the defendant may be entitled to discover under Rule 16. The express purpose of this provision is to give the defendant "an opportunity to move to suppress evidence before trial." This provision contemplates a request at arraignment or early in the case before discovery has occurred so as to facilitate notice of discoverable evidence and allow for suppression motions in the pretrial schedule.

Here, however, the request comes a year or more after the case commenced. Voluminous discovery has *already* been provided. We are well into the discovery/Rule 16 phase. We are past the point where any such notice would be useful.

The government is under no obligation to reveal its strategy for its case in chief. The rule does not require otherwise. So long as the government has complied with its Rule 16 discovery obligations, no further "notice" need be given beyond what the government has already provided, at least on this record.

Motions to suppress are usually directed at defendants' own statements or physical evidence, all of which have already been produced. It is true that the protective order herein allows some third-party witness names to be redacted subject to conditions on access by defense teams. But Rule 16 permits such protective orders. The Rule 12 provision at issue is limited to materials available under Rule 16. Since Rule 16 allows the redactions allowed by the Court, Rule 12 is satisfied and, by its terms, cannot require more. If a motion to suppress arises out of a future witness-name revelation (such as a suggestive photo identification issue), there will be time enough then to hear a suppression motion. Finally, Rule 404(b) material will be dealt with as per Rule 404(b) itself, *i.e.*, notice before trial and opportunity to move to suppress.

**IT IS SO ORDERED.**

Dated: June 28, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2