IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLOWAY, and REDACTED DEFENDANTS Nos. ONE & TWO,

    Defendants.

    /

No. CR 05-0167 WHA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNT TWO FOR FAILURE TO ALLEGE NECESSARY ELEMENTS OF RICO VIOLATIONS**

**INTRODUCTION**

In this criminal proceeding, defendants Don Johnson, Robert Calloway, Edgar Diaz, Dornell Ellis and Rickey Rollins move to dismiss count two of the second superseding indictment for failure to allege the violation of necessary elements of the Racketeer Influenced and Corrupt Organizations Act. Count two adequately alleges the necessary elements. The motion therefore is **DENIED**.

**STATEMENT**

The indictment alleges that defendants are members of a criminal organization called the Down Below Gang ("DBG"). DBG is alleged to be an associated-in-fact enterprise within the meaning of 18 U.S.C. 1961(4). Count two charges nine of the captioned defendants with

conspiring, under 18 U.S.C. 1962(d), to violate the racketeering statute, 18 U.S.C. 1962(c). Defendant Johnson argues that count two fails to properly allege a RICO conspiracy and seeks to have the count dismissed. Defendants Robert Calloway, Edgar Diaz, Dornell Ellis and Rickey Rollins join in the motion. Defendant Emile Fort also joins in the motion, but unlike the other defendants, does not claim that the indictment fails to allege that he participated in the operation or management of the enterprise or that his role was limited to that which was necessary to commit the charged racketeering acts. All movants join in a single reply.

**ANALYSIS**

"The indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." FRCrP 7(c)(1). An indictment must include "the elements of the offense charged." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Failure to recite an essential element "is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment." *United States v. Pernillo-Feuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001) (citation omitted).

A valid indictment for conspiracy under Section 1962(d) must allege that the conspirators intended to "further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense . . . ." The substantive offense under Section 1962(c) has three predominant elements: "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Salinas v. United States*, 552 U.S. 52, 62–65 (1997).

Defendants seek to dismiss count two for failing to state essential elements. They argue that: (1) the indictment does not properly allege the existence of an enterprise within the meaning of RICO; (2) the indictment does not properly allege the continuity of the enterprise and (3) the indictment fails to allege that defendants (with the exception of defendant Fort) participated in the operation or management of the enterprise.

1. **PROPRIETY OF PRETRIAL DISPOSITION.**

The government believes that it is inappropriate to address the motion to dismiss because doing so would invade the province of the jury. The argument is that there are questions of fact that must be answered to address the motion. The government misapprehends

2

the motion. The government is correct in saying that pretrial claims substantially founded upon evidence concerning the alleged offense fall within the province of the ultimate finder of fact. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). The instant motion, however, does not challenge the sufficiency of evidence anticipated at trial. The motion simply alleges that the indictment fails to allege essential elements. It is proper to address the merits.

### 2.  PURPOSE AND STRUCTURE OF THE RICO ENTITY.

Defendants argue that the indictment fails to state that DBG, as alleged, exhibits the necessary purpose and structure required of an associated-in-fact enterprise. While the evidence required for the "enterprise" element may be the same as that required for the "pattern of racketeering" element, they at all times remain separate elements that must be alleged. *See United States v. Turkette*, 452 U.S. 576, 583 (1981). The Ninth Circuit has interpreted *Turkette*'s distinction of "enterprise" from "pattern of racketeering" to mean that, at a minimum, the organization must "exhibit some sort of structure . . . for the making of decisions, whether it be hierarchical or consensual." To meet the structure requirement, "it is sufficient to show that the organization has an existence beyond that which is merely necessary to commit the predicate acts of racketeering." *Chang v. Chen*, 80 F.3d 1293, 1297–99 (9th Cir. 1996).

Defendants argue that DBG is not alleged to have a purpose beyond what was necessary to perpetrate the charged acts of racketeering. Defendants are incorrect.

It is "not necessary to show that the organization has some function wholly unrelated to the racketeering activity." *Id.* at 1299. The indictment alleges that DBG had the purpose of "[p]reserving and protecting the power, territory and profits of the enterprise . . . ." The indictment says this was achieved, in part, through a command where leaders with decision-making power could issue orders and authorize killings of other members by giving a "green light." Some members are said to have enforced a code of silence by threatening those in custody who might cooperate with law enforcement. The organization is also alleged to have a system for financially supporting incarcerated members and associates (Indictment 18–23). These activities were not necessary to commit the charged acts of racketeering. In *United States v. Fernandez*, 388 F.3d 1199, 1224 n.15 (9th Cir. 2004), the

3

court used the existence of a similar "green light" system as showing that there existed organizational objectives, not merely those of individuals. It is not inherent in the charged racketeering acts that there be a leadership, a "green light" system, a code of silence or financial support for incarcerated members.

These allegations, while also related to the charged racketeering activity, sufficiently describe an enterprise engaged in activity apart from what was necessary to commit the predicate acts. The facts relevant to the instant motion differ from those in defendants' cited decision, *Allington v. Carpenter*, 619 F. Supp. 474 (C.D. Cal. 1985). In *Allington*, a decision concerning a civil RICO action, the plaintiffs failed to plead that *any* enterprise existed prior to or separate from the predicate acts. The substantive counts alleged three acts of wire fraud against a single victim. There was no "organizational nexus." *Id*. at 477–79. In the instant case, more than one criminal episode is alleged. Many racketeering acts of different types are alleged as well as an organizational nexus in the form of a leadership.

Defendants also argue that there is no allegation of any "indicia" of membership showing that membership in the alleged enterprise was even possible, that defendants considered themselves to be members or associates, or that they are all alleged to be members of DBG. Defendants also say there is no allegation that they were aware of the essential nature and scope of the enterprise as required by *Fernandez*, 388 F.3d at 1230. These arguments fail. The first line of count two alleges that all charged defendants were members and associates of DBG. The indictment alleges that members and associates used call signs, tattoos and hand signals to identify themselves as members and associates. Defendants are alleged to have knowingly and intentionally participated in the RICO conspiracy to conduct the affairs of the enterprise which involved at least two predicate acts of racketeering (Indictment 16, 19, 24). This is sufficient to properly allege awareness of the essential nature and scope of the enterprise. *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). The indictment properly alleges membership in a RICO enterprise.

4

### 3. CONTINUITY.

Defendants claim that the RICO charges must be dismissed because the indictment fails to allege that the enterprise was continuous. An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." To prove a common purpose, the government must show evidence "of an ongoing organization" and "that the various associates function as a continuing unit." *Turkette*, 452 U.S. at 583.

There are allegations of continuity in the indictment. The indictment tracks the language of *Turkette* and directly alleges continuity when it states that the enterprise constituted "an *ongoing* organization whose members functioned as a *continuing* unit for a *common purpose* of achieving the objectives of the enterprise" (Indictment 17) (emphasis added). The indictment goes beyond the pleading requirement that "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself," *Hamling v. United States*, 418 U.S. 87, 117 (1974), by using the words of the Supreme Court's interpretation of the RICO statute.

Defendants further argue that the indictment fails to allege the period of the existence of the enterprise and how the charged acts were part of a continuous course of conduct. Defendants believe such allegations are relevant because "the government must show that the participants overlap to a significant degree." *United States v. Feldman*, 853 F.2d 648, 659 (9th Cir. 1988). Even if such allegations are required in the indictment, the Court is satisfied that they have been made. The indictment alleges the period of existence of the enterprise by giving a latest date of participation in the enterprise for each defendant. All indicted defendants are alleged to have been members of the enterprise since at least 2003. The indictment alleges how the charged acts were part of the continuous course of conduct by alleging that the acts were meant to further the interests of the enterprise (Indictment 18–23).

Defendant Johnson's claim that he was in juvenile placement for much of the relevant period is irrelevant, considering that the indictment alleges that incarcerated members continued their participation in the enterprise (*id*. at 19). The indictment properly alleges continuity.

5

### 4. OPERATION OR MANAGEMENT OF THE ENTERPRISE.

Defendants, with the exception of defendant Fort, argue that the indictment fails to allege participation in the operation or management of the enterprise. Defendants do not need to operate or manage the enterprise directly in order to incur liability. Liability under Section 1962(d) requires that the defendant "knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004). Defendants' repeated references to decisions dealing with Section 1962(c) are irrelevant.

The scheme in which the defendants allegedly conspired included the operation or management of a RICO enterprise. The indictment states that, "[i]t was a part of the conspiracy that each defendant agreed that a co-conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise" (Indictment 24). The word "conduct," in the context of Section 1962(d) means "some degree of direction . . . ." In fact, the word is the source of the "operation or management" test. *Reves v. Ernst & Young,* 507 U.S. 170, 179 (1993). Furthermore, some members charged as part of the conspiracy are alleged to have had leadership roles. The indictment therefore accuses defendants of conspiring in a scheme including the operation or management of the alleged RICO enterprise. The indictment is sufficient.

### CONCLUSION

The indictment properly alleges the necessary elements of a violation of 18 U.S.C. 1962(d). The motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: June 30, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6