**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLLOWAY, and REDACTED DEFENDANTS Nos. ONE & TWO,

    Defendants.

No. CR 05-0167 WHA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS DUE TO INSUFFICIENT EFFECTS ON INTERSTATE COMMERCE**

**INTRODUCTION**

In this criminal RICO action, defendants move to dismiss count two and related counts of the second superceding indictment due to insufficient alleged effects on interstate commerce. Two primary issues have been raised: (1) whether this motion is properly before the Court at this time; and (2) whether the facts sufficiently allege a nexus to interstate commerce in order to satisfy the jurisdictional element of the RICO offense. This order finds that on its face the indictment sufficiently alleges a nexus to interstate commerce. The issue of whether defendants' actions actually resulted in sufficient effects on interstate commerce is an issue of fact and should not be before the Court in a pretrial motion to dismiss. This motion is therefore **DENIED**.

**STATEMENT**

On October 27, 2005, defendants were accused in the 86-count second superceding indictment of participation in three main conspiracies: count one, conspiracy to distribute and possess with intent to distribute cocaine base, marijuana, and ecstacy in violation of 21 U.S.C. 846; count two, conspiracy to participate in a racketeer influenced and corrupt organization in violation of 18 U.S.C. 1962(d); and count three, conspiracy to use, carry, and possess firearms during and in relation to a drug conspiracy in violation of 18 U.S.C. 924(o). The indictment also alleges acts of violent crime in aid of racketeering, firearm possessions, and narcotics offenses. Defendant Don Johnson has been charged in all three conspiracy counts and various other counts, many of which relate to the three primary conspiracies. In this motion, Mr. Johnson seeks to dismiss counts two, ten, sixteen through twenty and twenty-two through twenty-five, for failure to allege sufficient contacts between the conduct alleged and interstate commerce, a connection to which is an element of the offenses charged. Mr. Johnson's motion was joined by defendants Robert Calloway, Edgar Diaz, Dornell Ellis, Emile Fort, and Rickey Rollins. Mr. Ellis also requests dismissal of count twenty-seven on the same grounds.

**ANALYSIS**

A simple allegation that the enterprise engaged in, or its activities affected, interstate commerce is all that is necessary for an indictment to adequately plead the interstate nexus required by the RICO statute. *United States v. Fernandez*, 388 F.3d 1199, 1217 (9th Cir. 2004). Movants concede that the government has included conclusory allegations of an effect on interstate commerce in the current indictment (Br. 4). The indictment states that "this enterprise was engaged in, and its activities affected, interstate and foreign commerce" (Indictment 17). This is almost the exact language that the court found sufficient in *Fernandez*.

Movants argue that other allegations in the same indictment can render the interstate commerce allegation ineffective. They cite no decision illustrating this notion but reference the facts from *Fernandez* to show that the indictment in that case alleged activity in various parts of California, not just one specific locale as in the present case (Reply Br. 3). This argument is unconvincing. The holding in *Fernandez* made no allusion to this idea. The fact remains,

2

1  moreover, that here, as there, all of the alleged conduct occurred within California. This order
2  holds that the operative indictment sufficiently establishes the interstate nexus requirement.
3  　　　　The Ninth Circuit has found that "the determination of whether [defendants'] actions
4  resulted in sufficient effects on interstate commerce is essentially factual, and therefore
5  inappropriate for resolution on a pretrial motion to dismiss." *United States v. Nukida*, 8 F.3d
6  665, 672 (9th Cir. 1993). Defendants argue that even if the acts as charged are all proven, the
7  government will not be able to produce any evidence that can or will place their acts in the
8  stream of interstate commerce. If so, this will be for a later date.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 30, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE