IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLOWAY, and REDACTED DEFENDANTS NOS. ONE & TWO,

    Defendants.

No. CR 05-0167 WHA

**ORDER DENYING INDEFINITE EXTENSION OF TIME TO SERVE DEFENSE EXPERT REPORTS AND SETTING SEPTEMBER 25 DEADLINE**

      Long ago, defense counsel were ordered to provide their expert disclosures under the reciprocal discovery requirement of Rule 16 by September 8, 2006 (Order dated Mar. 30, 2006, at page 2). Defense counsel — particularly Mr. Philipsborn — has been prolific in insisting on greater and greater expert disclosures by the government. Now that the government has provided its disclosures in more detail, Mr. Philipsborn has reversed field and moved to delay his own disclosures. They were due on September 8. Now it is September 15. Instead, he filed a motion for "clarification."

      The issue is whether Mr. Philipsborn has shown good cause for an extension. For example, he has retained a shooting-incident reconstruction expert and has access to all of the physical evidence surrounding the particular homicide with which his client is accused. The

problem, from his perspective, is that counsel does not yet know what the government's eyewitnesses will say on direct examination. Counsel wishes to be able to learn the direct testimony, or at least have all the witness statements, before having his expert prepare a rebuttal.

The government, however, is entitled to insist on its Jencks Act rights and Rule 16(a)(2) rights and to keep secret any witness statements and Form 302s until *Brady* requires otherwise. Meanwhile, Rule 16(b) imposes a reciprocal expert disclosure duty by the defense. The rule contemplates *pretrial* disclosure. These disclosure duties do not evaporate merely because another part of the same rule allows Form 302s and Jencks Act statements to be withheld.

It would be entirely possible based on the physical evidence alone to have the expert reconstruct the homicide by placing the clothes worn by the victim on a mannequin. Mr. Philipsborn evidently requested the opportunity to do so and the government said (at the time) it would make the arrangements if counsel so desired. Counsel has not so desired to date. But it should have been done.

To be sure, Rule 16 allows the Court to set the timing of disclosures. A judge might, in an appropriate case, allow all expert summaries and reports to be disclosed after the trial commences, but that would defeat a fundamental Rule 16 objective — to sort out *Daubert* and foundational issues before trial, not to mention to allow counsel on *both* sides an opportunity to prepare for trial.

True, the Court has not yet ruled on defense motions aimed at the government's expert witnesses, such as *Daubert* motions. It will take several more weeks to wind these up because of the evidentiary hearings allowed to the defense. In the meantime, the defense knows what the government experts propose to say. This is enough to formulate defense responsive expert summaries. If changes or deletions are made to the government's summaries by reason of *Daubert* or Rule 403, then corresponding charges can be made later to the defense experts. This defense argument is rejected as well.

Therefore, this order **DENIES** the motion and **ORDERS** that *all* undisclosed defense expert reports (if any) and summaries be disclosed by **SEPTEMBER 25, 2006, AT NOON**, based on

the information available to defense counsel, including (without limitation) rebuttal to the government's expert disclosures.  Although not all defendants have sought this extension, it will be granted to all defendants in this instance.  If new information later becomes available that could not have been obtained earlier through diligence, then defense counsel may later supplement.  But, in the meantime, we will at least have the defense disclosures and can begin the process of *Daubert* and Rule 403 challenges to them and both sides will have a fair opportunity to prepare.

This order does not apply to Terrell Jackson, for whom a separate schedule will soon be set.

**IT IS SO ORDERED.**

Dated:  September 15, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE